UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                    Case No. 3:22mc18-MCR-HTC

ROBERT BECHTOLD, et al.,

    Respondents.

_____/

ORDER and
REPORT AND RECOMMENDATION

This case is before the Court on the United States of America's
("Government") Petition to Enforce Civil Investigative Demands for oral testimony.
ECF Doc. 1.  Robert and Pamela Bechtold responded in opposition to the Petition,
ECF Doc. 11, and filed a Motion to Strike and to Redact or Seal a portion of the
Petition, ECF Doc. 10.  The Government responded in opposition to the Bechtolds'
Motion.  ECF Doc. 13.  The case was referred to the undersigned pursuant to 28
U.S.C. § 636 and Fed. R. Civ. P. 72.  ECF Doc. 12.  After considering the parties'
submissions and the relevant law, the undersigned DENIES the Bechtolds' Motion
to Strike and to Redact or Seal and recommends the Government's Petition be
GRANTED IN PART.

## I.    BACKGROUND

The Government initiated this action by filing a Petition to Enforce Civil Investigative Demand ("CID") Nos. 2022-03 and 2022-04.  ECF Doc. 1.  The CIDs were issued to Robert and Pamela Bechtold and seek oral testimony as part of an investigation into the Bechtolds and two companies they are associated with, Certified Manufacturing Incorporated ("CMI") and Certified Manufacturing Enterprises, LLC ("CME").  The Government is investigating whether individuals associated with CME submitted false claims for payment to the United States or made false records or statements in support of false claims for payment that were submitted to the United States related to CME's status as a Service-Disabled Veteran-Owned and Native American-Owned Small Business, in violation of the False Claims Act ("FCA")."  ECF Doc. 1 at 1-2.

On May 20, 2021, the Government served the Bechtolds with CID Nos. 2021-02 and 2021-03, which included a request for oral testimony from both Mr. and Mrs. Bechtold.  Over the course of a year, the Government negotiated with the Bechtolds and attempted to schedule their oral testimony.  The Government issued new CIDs, Nos. 2022-03 and 2022-04, to specify the FCA investigators who would be present at the oral examinations.  To date, the Bechtolds have not appeared for their oral examinations.

The parties' dispute concerns the interpretation of 31 U.S.C. § 3733(h)(2), the statute regulating CIDs in the context of FCA investigations. Specifically, the Government argues the statute permits: (1) multiple Government attorneys and investigators to be present at a CID oral examination; and (2) the Government to exclude a representative of a CID witness, when the representative is a potential defendant also scheduled to give testimony.

## II.    DISCUSSION

### A.    Motion to Strike and to Redact or Seal

The Bechtolds have moved to strike or redact certain portions of the Petition which describe the Government's investigation and identify alleged misconduct (pp. 6-7 of the Petition).[1] ECF Doc. 10. The Bechtolds make two arguments. First, they assert those portions of the Petition are immaterial, impertinent, or scandalous and are included only to prejudice them with the Court. Second, they argue inclusion of the information on pages 6 and 7 of the Petition violate the statutory protection against the disclosure of CID matters.

As to their first argument, the Bechtolds rely on Fed. R. Civ. P. 12(f). Under Rule 12(f) the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f).

---

[1] The Bechtolds also seek to redact the same information in an earlier filed case, N.D. Fla. Case No. 3:22cv6106-TKW-HTC.

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted). "Granting a motion to strike is a drastic remedy and is disfavored by the courts." *Id.* (citations omitted). A "'motion to strike should be granted only when the pleading to be striken [sic] has no possible relation to the controversy.'" *United States v. SouthEast Eye Specialists, PLLC*, 2021 WL 5150687, at *4 (M.D. Tenn. Nov. 5, 2021) (denying motion to strike portions of relator complaint under Rule 12(f)).

Considering this standard, the Court concludes the Motion to Strike and to Redact or Seal should be denied. According to the Government, it included its limited investigatory findings in the Petition to demonstrate the relationship between the Bechtolds, CMI, and CME, and to support its argument regarding why Mr. Bechtold should be excluded from the oral examination of Mrs. Bechtold. The Court, therefore, cannot say the information has no possible relationship to the matters raised in the Petition. *See Blake*, 318 F.R.D. at 700-01 ("[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.") (citation omitted). Also, the Court recognizes these are allegations and do not constitute

definitive findings following an adversarial process.  Thus, the Court does not view the Bechtolds in any less favorable light because of the inclusion of these allegations.

Furthermore, the Court notes judicial opinions resolving disputes over CIDs routinely include a summary of the Government's allegations and the basis for the FCA investigation.  *See, e.g., United States v. Kamal Kabakibou, MD, PC*, 522 F. Supp. 3d 1307, 1309 (N.D. Ga. 2020) ("The United States Attorney's Office is conducting a civil investigation of Respondent's medical practice under the False Claims Act . . . based upon allegations that the practice billed the federal government for Medicare reimbursement payments for services that were not medically necessary or were not performed as billed."); *United States v. Witmer*, 835 F. Supp. 208, 211-12 (M.D. Pa. 1993) (noting "[t]he particular CIDs involved in this case were issued as part of a Justice Department investigation into potential wrongdoing by Harsco Corporation with respect to a vehicle purchase contract with the Army" and "[a]t issue is whether Harsco falsely asserted to the Army that it had not included in its contract bid certain federal excise taxes ("FET") that were due to expire before all of the contract vehicles were delivered").

In support of the their second argument, the Bechtolds rely on 31 U.S.C. § 3733(b).[2]  That subsection, however, deals with the circumstances under which a recipient of a CID may refuse to produce documents, answer interrogatories, or provide testimony; it does not address what information can be included in the Petition and certainly does not prohibit the Government from disclosing the nature of its investigation based on information obtained outside the CID context.

Similarly, § 3733(k) exempts documentary material, answers to written interrogatories, or oral testimony given pursuant to a CID from disclosure under the Freedom of Information Act, but it does not address the issue here (i.e., whether the Government may include a summary of their investigation in a petition for enforcement).  As the Government acknowledges, it has an obligation to keep information it obtains from CIDs confidential.  *See* 31 U.S.C. § 3733(i)(2)(C).  The

---

[2] Section 3733(b) is entitled "Protected material or information" and provides the following:

(1) In general.--A civil investigative demand issued under subsection (a) may not require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony if such material, answers, or testimony would be protected from disclosure under--

    (A) the standards applicable to subpoenas or subpoenas duces tecum issued by a court of the United States to aid in a grand jury investigation; or

    (B) the standards applicable to discovery requests under the Federal Rules of Civil Procedure, to the extent that the application of such standards to any such demand is appropriate and consistent with the provisions and purposes of this section.

(2) Effect on other orders, rules, and laws.--Any such demand which is an express demand for any product of discovery supersedes any inconsistent order, rule, or provision of law (other than this section) preventing or restraining disclosure of such product of discovery to any person. Disclosure of any product of discovery pursuant to any such express demand does not constitute a waiver of any right or privilege which the person making such disclosure may be entitled to invoke to resist discovery of trial preparation materials.

Bechtolds do not argue, however, that any of the information included on pages 6 and 7 was information the Government learned from CIDs.

The Bechtolds also seek to support their argument by citing a case from the Eastern District of Virginia in which the Magistrate Judge granted a motion to seal a petition to enforce a CID.[3]  *See In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 1 F. Supp. 2d 587 (E.D. Va. 1998).  However, the Magistrate Judge did not offer a legal basis, or explain his rationale, for sealing the case file.  *Id.* at 590.  On review, the District Judge, while referring to "[a] Congressional intent to keep CID proceedings and material confidential," also noted that none of the parties objected to the motion to seal.  *In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196, 200 (E.D. Va. 1998).

The Court, therefore, does not find the case from the Eastern District of Virginia to be persuasive with respect to whether portions of the Government's Petition in this case should be stricken.  The motion to strike is DENIED.

## B.    Petition to Enforce Civil Investigative Demands

Mrs. Bechtold has objected to sitting for oral testimony unless: (1) the Government agrees to have only one attorney for the Government and one investigator present at the testimony; and (2) the Government agrees Mr. Bechtold

---

[3] The court sealed the entire case file, with the exception of the court's opinions.

can attend the testimony as Mrs. Bechtold's representative. Although the Government has offered certain compromises, including limiting attendance to two attorneys and one investigator for the Government and allowing Mr. Bechtold to be present during breaks in the testimony, the parties have reached an impasse.

For the reasons discussed below, the undersigned finds limiting the Government to one attorney and one investigator at an oral examination is neither required by the CID statute nor consistent with its purpose. Likewise, the undersigned finds restricting Mrs. Bechtold's choice of a representative is neither supported by the statute nor frustrates its purpose. Thus, the undersigned recommends the Petition be GRANTED IN PART.

      1.   <u>The Statute Does Not Limit the Number of Attorneys or Investigators Who Can Be Present</u>

The portion of 31 U.S.C. § 3733(h)(2) regulating who can be present at an oral examination states:

> The false claims law investigator conducting the examination shall exclude from the place where the examination is held all persons except the person giving the testimony, the attorney for and any other representative of the person giving the testimony, the attorney for the Government, any person who may be agreed upon by the attorney for the Government and the person giving the testimony, the officer before whom the testimony is to be taken, and any stenographer taking such testimony.

31 U.S.C. § 3733(h)(2).

The Bechtolds contend the use of the definite article "the" before the phrases "false claims law investigator" and "attorney for the Government" indicates only one investigator and one attorney is permitted to attend the examination at a given time. The Bechtolds cite several cases which indicate use of the definite article "the" connotes a singular meaning. *See, e.g.*, *Evanto v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 1295, 1298 (11th Cir. 2016) (noting 15 U.S.C. §§ 1638 and 1641 "connote one particular document by using a definite article ('the') and a singular noun ('disclosure statement')") (citation omitted); *Renz v. Grey Advert., Inc.*, 135 F.3d 217, 222 (2d Cir. 1997) ("Placing the article 'the' in front of a word connotes the singularity of the word modified.").

This argument, however, ignores the Dictionary Act. The Dictionary Act provides that, "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise[,] words importing the singular include and apply to several persons, parties, or things[.]" 1 U.S.C. § 1; *see also Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001) ("[T]he distinction between plural and singular words is not scrupulously observed in legislative language.") (citation omitted). The Act reflects "the common understanding that the English language does not always carefully differentiate between singular and plural word forms, and especially in the abstract, such as in legislation prescribing a general rule for future application." 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction* § 47:34,

at 505 (7th ed. rev. 2014); *see* Antonin Scalia & Bryan A. Garner, *Reading Law* 130 (2012); *Cong. Globe*, 41st Cong., 3d Sess. 1474 (1871) (statement of Rep. Poland) (stating that the purpose of the Dictionary Act was "to avoid prolixity and tautology in drawing statutes and to prevent doubt and embarrassment in their construction").

The Supreme Court "has relied on this directive when the rule is 'necessary to carry out the evident intent of the statute.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 15-16 (2014) (quoting *United States v. Hayes*, 555 U.S. 415, 422 n.5 (2009)). And courts applying "the default rule of statutory construction that words importing the singular include the plural meaning," *Carrow v. Merit Sys. Prot. Bd.*, 564 F.3d 1359, 1366 (Fed. Cir. 2009) (citing 1 U.S.C. § 1), have done so in a variety of contexts. *See, e.g., Barr v. United States*, 324 U.S. 83, 91 (1945) (holding that "the buying rate" for foreign currency under the Tariff Act of 1930, 31 U.S.C. § 372, included more than one buying rate); *Dobard v. Johnson*, 749 F.2d 1503, 1509 (11th Cir. 1985) (holding "that where substantial incidents of conviction and sentence have occurred in each of two federal judicial districts, the alternative forum provision of Sec. 2241(d), though phrased in the singular, would have been intended by Congress to be treated as in the plural").

Here, in accordance with the Dictionary Act, interpreting § 3733(h)(2) as permitting the Government to bring more than one investigator and attorney to the oral examination of Mrs. Bechtold is necessary to carry out the evident intent of the

FCA. "The False Claims Act is the government's primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989) (citation omitted). Congress authorized the Department of Justice to use CIDs to investigate potential violations of the FCA, and the CIDs "were specifically intended to permit the Justice Department to carry out its pre-complaint investigatory functions in an efficient and cost-effective manner." *Witmer*, 835 F. Supp. at 213.

Adopting the Bechtolds' strict interpretation of § 3733(h)(2) and permitting only one Government investigator and attorney to attend the examination at a time would contravene the purpose of the FCA and CIDs. Excluding investigators from multiple agencies or forcing attorneys for the Government to tag team an oral examination would likely lead to duplicative questioning and a prolonged examination, which wastes the time and resources of both the Government and the witness. *See United States v. Markwood*, 48 F.3d 969, 979 (6th Cir. 1995) ("Congress intended the false claims CID to provide the Department of Justice with a means to assess quickly, and at the least cost to the taxpayers or to the party from whom information is requested, whether grounds exist for initiating a false claim suit[.]"). This is particularly true for investigations involving defense contractors, as such investigations can involve multiple federal agencies. Furthermore, the Bechtolds' interpretation of § 3733(h)(2) unnecessarily limits the Government's

choice of its representatives, which goes against the "general rule" that "the subject of a government investigation should not be allowed to override the government's choice of investigator or counsel in a case." *Witmer*, 835 F. Supp. at 213.

In addition, the Bechtolds' position is undermined by the definition of false claims law investigator provided by the statute. Under 31 U.S.C. § 3733(l)(3), "the term 'false claims law investigator' means *any* attorney or investigator employed by the Department of Justice who is charged with the duty of enforcing or carrying into effect any false claims law, or *any* officer or employee of the United States acting under the direction and supervision of such attorney or investigator in connection with a false claims law investigation." (emphasis added). First, the definition's use of the word "any" to modify "attorney or investigator" suggests the statute contemplates multiple individuals serving as false claims law investigators. *Cf. CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 471 (2018) ("The use of the definite article 'the' indicates a singular court, whereas the indefinite article 'any' or 'a' denotes multiple courts.") (citation omitted). Second, the fact the definition is broad enough to encompass both an investigator and another federal employee working under the direction of that investigator indicates Congress did not intend the statute to have the strict construction advocated for by the Bechtolds.

Indeed, taking the Bechtolds' interpretation to its logical extension, recipients of CIDs would also be limited to one counsel, given the statute's reference to "the

attorney" for the witness, which would be an unnecessary limitation.  Just as in the Government's case, there may be several reasons why a witness would want to have more than one attorney, such as a partner and an associate, attend his/her testimony, even if only one attorney is allowed to object.

Moreover, if either the Government's or a witness's demands regarding who could attend an oral examination became onerous or counterproductive, and the parties are unable to find a compromise, the aggrieved party could move for a protective order and the Court could fashion appropriate relief, as it often does in civil litigation.[4]  *See* 31 U.S.C. § 3733(j)(2) (allowing a person who has received a CID to file a petition to modify the demand).

Finally, the undersigned does not find the Bechtolds' reliance on *In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196 (E.D. Va. 1998),[5] to be persuasive with respect to this issue.  In that case, the witness objected to the presence of FCA Deputy Custodians at the testimony.  The District Judge first determined that the Custodians had also been identified by the Government as "false claims law investigators" and under the statute, "it seems clear that false claims law investigators" can be present.  *Id.* at 203.

---

[4] Such a situation is not present here, as the Bechtolds argue solely that the statute imposes a numerical limit on the Government's representatives.
[5] Both parties indicate *Oral Testimony* is the only case to specifically address the issue of who can attend the oral examination of a CID witness.  And the Court acknowledges there is a dearth of caselaw addressing the issues raised in the Petition and response.

Although the District Judge concluded "the Government is allowed to have only one of the FCA Deputy Custodians present at any one time at the CID deposition, though the same FCA Deputy Custodian is not required to be the one present throughout the hearing," *id.*, it is unclear on what basis the judge imposed that limitation.[6]  In any event, the judge did not address the number of attorneys who could be present at the examination, did not specifically link his decision to the language of § 3733(h)(2), and did not address the impact of the Dictionary Act on the interpretation of the statute.  Thus, the undersigned does not find *Oral Testimony* to be particularly helpful with resolving the parties' first dispute in the present case.

## 2.    Mr. Bechtold's Presence at the Testimony

The parties' second dispute regarding the interpretation of § 3733(h)(2) involves whether Mr. Bechtold can serve as Mrs. Bechtold's representative during her testimony.  The Government argues allowing Mr. Bechtold to be present during Mrs. Bechtold's testimony "would impinge upon the confidentiality" of the CID process and should not be permitted because he is a potential defendant.  ECF Doc. 1 at 16-17.

The CID process is cloaked with a certain amount of confidentiality, but that confidentiality is intended to protect the CID recipients and imposes a confidentiality

---

[6] The Court notes the judge in *Oral Testimony* held a hearing regarding the parties' dispute and ruled from the bench, then issued an opinion to further explain the rationale for the judge's decision. *Id.* at 198.

requirement on the Government, not on the recipients. Section 3733(b)(1) protects a recipient from having to produce information in response to a CID request greater than what is required in the Federal Rules of Civil Procedure. 31 U.S.C. § 3733(b)(1). Section 3733(i) prohibits the Government from disclosing CID materials other than to certain persons. 31 U.S.C. § 3733(i)(2)(C).

As the court in *In re Air Passenger Comput. Rsrv. Sys. Antitrust Litig.*, 116 F.R.D. 390, 392 (C.D. Cal. 1986) stated in interpreting a similar CID statute in the antitrust context, "Congress required 'that strict confidentiality be accorded to all CID investigate files in order to protect the reputation and standing of witnesses, as well as their trade secrets and propriety financial data.'" *Id.* at 392. If Mrs. Bechtold is not concerned about sharing information with her husband, then having him at the testimony does not impinge on confidentiality concerns. *See Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 571 (1983) ("CID materials may not be disclosed to persons outside the federal government without the consent of the provider. This requirement was imposed to safeguard the rights of individuals under investigation and to protect witnesses from retaliation.") (internal citations omitted).

The court in *In re Air Passenger* also discussed the fact that CID investigations are more similar to civil discovery than grand jury investigations. *Id.* at 391. Protections that are found in the Federal Rules of Civil Procedure are also found in the CID statute and the statute specifically makes the Federal Rules

applicable. *See* 31 U.S.C. § 3733(h)(1) (providing that the procedure for oral examinations "shall not preclude the taking of testimony by any means authorized by, and in a matter consistent with, the Federal Rules of Civil Procedure"). Parties to a civil deposition have no right to invoke the rule of sequestration, Fed. R. Evid. 615, as a matter of right in a deposition. *See BCI Comm. Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 159 (N.D. Ala. 1986). While a court can order sequestration, the moving party must first establish good cause. *Id.*

The undersigned finds no good cause exists. The Government argues permitting a potential defendant to observe another witness's testimony "would disrupt the investigative process" because the potential defendant would essentially get a preview into the Government's case. ECF Doc. 1 at 19. This concern, however, is not diminished by excluding Mr. Bechtold from attending his wife's testimony because there is nothing preventing Mrs. Bechtold or the Bechtolds' counsel from sharing any information they learn from Mrs. Bechtold's testimony with Mr. Bechtold immediately after the deposition or during the breaks. Also, as the Bechtolds argue, under the statute a witness gets to have "any other representative" at the testimony. If Congress had wanted to limit a witness's right to a representative to only uninterested parties, it could have said so.

The Government relies on *Oral Testimony* to support its position. In *Oral Testimony*, the court excluded the target corporation's counsel from the witness's

testimony. The court's basis for doing so, however, was because the target had a potential conflict of interest with the witness and, thus, the target corporation's counsel could not be "recast" as the witness's representative. 182 F.R.D. at 203-04.

The Government does not argue Mr. Bechtold and Mrs. Bechtold have a conflict of interest. Moreover, despite excluding the target corporation's counsel, the court in *Oral Testimony* left the door open to the witness having "other employees of the target" serve as a representative and stated an objection to such "merely because the potential representative is an employee of the target is not a sufficient reason to exclude the employee's presence as a representative of the witness." *Id.* at 204. Thus, it appears the court's primary concern was that the witness's selection of the target corporation's counsel as their representative was merely a ruse.

Here, Mrs. Bechtold wants her husband present at her testimony because he is a source of emotional and physical support for her. According to her declaration, Mrs. Bechtold suffers from certain medical conditions and relies on her husband to assist her physically, as well as to be present with her during stressful situations. ECF Doc. 9. Although the Government has agreed to allow Mrs. Bechtold to have other aids with her during the testimony, without an express limitation in the statute that would dictate otherwise, or a showing that Mr. Bechtold's presence would seriously frustrate the Government's ability to conduct its investigation, the

undersigned finds no basis for depriving Mrs. Bechtold of her choice of a representative at the testimony.

Accordingly, it is ORDERED:

The Bechtolds' Motion to Strike and to Redact or Seal, ECF Doc. 10, is DENIED.

And it is RECOMMENDED:

1.    That the Government's Petition to Enforce Civil Investigative Demands, ECF Doc. 1, be GRANTED IN PART.

2.    That Mrs. Bechtold must make herself available for testimony in response to the CID within thirty (30) days.

3.    That the Government is not limited to having only one attorney and one investigator attend the testimony.

4.    That Mr. Bechtold may attend the testimony as Mrs. Bechtold's representative.

At Pensacola, Florida, this 13th day of June, 2022.


/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.