UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                  Case No. 3:22mc18-MCR-HTC

ROBERT BECHTOLD, et al.,

    Respondents.
_____/

**<u>ORDER</u>**

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated June 13, 2022, ECF No. 15. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).

The Government filed a petition to enforce a Civil Investigative Demand ("CID") seeking oral testimony from the Respondents regarding a potential false claim. The Respondents are both targets of the investigation, and they refused to appear unless only one attorney and one investigator were present for the Government and Mr. Bechtold could be present as Mrs. Bechtold's representative. The statute provides that the false claims investigator "shall exclude" from the examination "all persons except the person giving the testimony, the attorney for and any other representative of the person giving the testimony, the attorney for the

Government, and any person who may be agreed upon" by both sides, as well as the officer and stenographer before whom the testimony is taken. 31 U.S.C. § 3733(h)(2). The Report and Recommendation recommends granting the petition in part. The Magistrate Judge agreed with the Government that it is not limited to having only one attorney or investigator present during the examination. However, the Magistrate Judge agreed with Respondents that Mr. Bechtold should be allowed to be present during the examination as Mrs. Bechtold's representative, reasoning that the statute does not limit who may appear as a representative, that the proceedings are akin to civil discovery, and that nothing prevents a husband and wife from sharing information, so there is no confidentiality concern between the two of them. Further, the Magistrate Judge determined that the Government had not established good cause for sequestration and found, based on Mrs. Bechtold's declaration, that she suffers medical conditions and relies on her husband to assist her physically and emotionally; therefore, it is recommended that he be allowed to attend as her representative.

The Government filed a timely objection to that portion of the Report and Recommendation that recommends allowing Mr. Bechtold to be present during the examination of Mrs. Bechtold, *see* ECF No. 16. In particular, the Government argues that this result would frustrate the purpose of the statute, 31 U.S.C. § 3733, which is to provide the government a unique pre-litigation investigative tool for false

claims. The Government argues that CID proceedings are akin to grand jury proceedings in that they are traditionally closed to the public and exclude all persons except as provided by statute, § 3733(h)(2). *See In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand*, No. 98-19, 182 F.R.D. 196, 202 (E.D. Va. 1998). The Government recognizes that nothing prevents the husband and wife from sharing information but argues that Mr. Bechtold's attendance is "inherently different" from hearing a secondhand summary from his wife after the fact, and allowing him to preview the information and potentially influence her would frustrate the integrity of the investigation. ECF No. 16 at 8. In addition, the Government requested an opportunity to present *ex parte* evidence showing good cause to exclude Mr. Bechtold.

The Petitioners did not file a timely objection to the Report and Recommendation but were permitted leave to file a reply in opposition to the Government's Objection, ECF No. 23. Petitioners argue that the stress of the situation compels Mrs. Bechtold to want her husband present. Petitioners also maintain that the statutory language "any other representative," § 3733(h)(2), is not limited to representatives who are not targets of the investigation, and that the Government presented no good cause for sequestration. The Petitioners argue without citation that good cause should not be determined on an *ex parte* basis. They

also contend that the Government can cure any potential prejudice to the investigation by examining Mr. Bechtold first.

The undersigned has made a *de novo* determination of all timely filed objections. Additionally, given the sensitive nature of a false claims investigation and the Magistrate Judge's conclusion that no good cause had been shown to justify sequestration, the Court permitted the Government to present *ex parte* materials in support of its objection. Now, having considered the Report and Recommendation, the timely filed objections, and the *ex parte* submissions, the Court concludes that the Report and Recommendation should be adopted in part and rejected in part.

First, there is no objection to the determination that the statute does not limit the number of Government attorneys or investigators that may be present. The Court agrees with and adopts the Report and Recommendation on this issue and incorporates the reasoning herein.

As to the second issue, however, Mr. Bechtold's presence during Mrs. Bechtold's examination, the Court disagrees with the Magistrate Judge's recommendation. The Court agrees with the Report that the language of the statute does not include any express limitation on who may appear as a "representative" and does not restrict a witness from "relaying to the target the information discussed during the CID deposition." *In re Oral Testimony*, 182 F.R.D. at 206 ("the statute itself places no restrictions on the type of representative that may attend" on behalf

of a witness). Nonetheless, the Court finds that allowing a target of the investigation and potential false claims co-defendant to appear as the witness's representative presents a serious threat to the efficacy and integrity of the CID investigative process. Despite a dearth of caselaw on the precise context at issue in this case, that is, where a husband and wife are both the targets of a false claim investigation and potential co-defendants, there is no doubt that CID investigations are sensitive in nature and subject to detailed safeguards built into the CID process. Courts have recognized that the proceedings are closed to the public and, consistent with the purpose of the statute, should be closed to interested parties (other targets of the investigation) as well.[1] *See In re Oral Testimony*, 182 F.R.D. at 206 (not allowing the *target's* attorney to attend as another witness's representative); *see also In re Air Passenger Computer Rsrv. Sys. Antitrust Litig.,* 116 F.R.D. 390, 392 (C.D. Cal. 1986) (discussing the legislative history of the similar CID process related to antitrust violations, noting that civil discovery protections apply and that there is an "additional safeguard i[n] that CID investigations are closed to interested parties (*i.e.,* targets who might become defendants in a civil action)"[2]). Even without

---

[1] The court in *In re Oral Testimony* affirmed a magistrate judge's ruling, which excluded the target's counsel from being present as a witness's representative during a CID examination, reasoning that "allowing counsel for the target of the investigation to be present would require the Court to ignore congressional concerns, disregard the legislative history, and eviscerate the statute." 182 F.R.D. at 202 (internal marks omitted). The undersigned agrees.

[2] The Court acknowledges that the statute at issue in *Air Passenger* is analogous, but not identical to, the CID statute for false claims. The antitrust CID statute, *see* 15 U.S.C. § 1512(i)(2),

express limiting language in the statute, the Court finds that allowing a target of the investigation to attend a CID examination as the witness's representative would frustrate the investigative process.

Given the facts of this case—that Mrs. Bechtold's declaration indicates she is emotionally vulnerable and for reasons shown in the Government's *ex parte* materials—the Court concludes that Mr. Bechtold's presence during the examination would frustrate the purpose of the CID process, and the need for efficacy and integrity in the investigation outweighs Mrs. Bechtold's need to have him present as her representative. The Court therefore finds good cause to sequester Mr. Bechtold from Mrs. Bechtold's examination. This decision does not preclude Mrs. Bechtold from having a representative present who can support her physical and emotional needs, but that person cannot be Mr. Bechtold.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, ECF No. 15, is rejected as to the determination that Mr. Bechtold may attend the examination of Mrs. Bechtold as her representative, and the Report and Recommendation is adopted and incorporated by reference in all other respects.

2. The Government's Petition to Enforce Civil Investigative Demands,

---

allows the witness to be represented by counsel but does not reference the presence of another representative, as in the false claims context, which expressly allows both, 31 U.S.C. § 3733(h)(2).

Case No. 3:22mc18-MCR-HTC

ECF No. 1, is **GRANTED**.

3. Mrs. Bechtold must make herself available for testimony in response to the CID within thirty (30) days. She may appear with a representative, but Mr. Bechtold may not be present during her testimony.

4. The Government is not limited to having only one attorney and one investigator attend the testimony.

5. The Clerk is directed to close the file.

**DONE AND ORDERED** this 2nd day of August, 2022.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**